UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLAYTON DAY, | DOCKET NUMBER |
| Appellant, | DC-0752-18-0675-I-1 |
| v. | |
| DEPARTMENT OF LABOR, | DATE: December 13, 2023 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Clayton Day, Washington, D.C., pro se.

Rolando Valdez, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision that dismissed the appeal of his removal under 5 U.S.C. § 7701, finding that he made a binding election seeking corrective action with the Office of Special Counsel (OSC) on the matter before filing his Board appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision, and REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant worked for the agency as a GS-12 Program Analyst. Initial Appeal File (IAF), Tab 1 at 2. On June 22, 2018, the agency issued the appellant a decision notice removing him pursuant to chapter 75 of Title 5 of the U.S. Code for various acts of alleged misconduct. *Id*. at 8-17. The effective date of the appellant's removal was July 8, 2018. IAF, Tab 1 at 15, Tab 4 at 22. At the time that the agency issued the decision notice, the appellant had at least one whistleblower complaint pending with OSC. *Day v. Department of Labor*, MSPB Docket No. DC-1221-19-0009-W-1, Initial Appeal File (W-1 IAF), Tab 8 at 12-22.

¶3    On July 2, 2018, the appellant provided OSC with a copy of his response to the proposed removal and removal decision notice. IAF, Tab 19 at 7. OSC then issued the appellant a preliminary determination on July 11, 2018, advising the appellant that it intended to close its investigation without further action. W-1 IAF, Tab 1 at 6-11. This determination letter outlined the appellant's removal as one of the alleged retaliatory prohibited personnel practices in his complaint that OSC investigated. *Id*. at 8-10.[2] The appellant proceeded to file his Board appeal on July 18, 2018, challenging his chapter 75 removal and raising the affirmative defense of reprisal for whistleblowing. IAF, Tab 1, Tab 9 at 1, 5.

¶4    OSC closed its investigation into the appellant's complaint on July 31, 2018, and provided him with his notice of the right to file an individual right of action (IRA) appeal with the Board. W-1 IAF, Tab 1 at 5. The appellant filed an IRA appeal on September 30, 2018, which included, inter alia, a claim that the agency removed him in reprisal for whistleblowing. W-1 IAF, Tab 1. Based on

_____

[2] The appellant responded to OSC's preliminary determination letter on July 23, 2018, and did not refute the inclusion of his removal as part of his complaint. IAF, Tab 19 at 16-19.

his review of the appellant's IRA appeal, the administrative judge issued a show cause order in the instant case outlining the statutory election of remedies provision for an appellant subjected to a Board appealable action that also alleges reprisal for whistleblowing. IAF, Tab 15 at 1-3.

¶5 After the parties submitted argument and evidence on the issue, the administrative judge issued an initial decision dismissing the appellant's appeal of his removal under 5 U.S.C. § 7701. IAF, Tabs 16, 19, 20, Initial Decision (ID). The administrative judge found that, after receiving notice of his election of remedies rights, the appellant made a knowing and informed binding election seeking corrective action with OSC on his removal prior to filing this appeal with the Board. ID at 1-7. Thus, the appellant could only proceed before the Board with an IRA appeal over his removal, which the administrative judge already docketed as a separate appeal. ID at 7; W-1 IAF, Tab 10 at 1. The appellant then timely filed a petition for review claiming that he never sought corrective action with OSC over his removal and seeking to move forward with the Board appeal of his chapter 75 removal under 5 U.S.C. § 7701. Petition for Review (PFR) File, Tab 1.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An employee subjected to an action appealable to the Board and who alleges that the contested action was taken in reprisal for whistleblowing may elect to pursue a remedy through only one of the following processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under an applicable negotiated grievance procedure; or (3) a complaint seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222. *Edwards v. Department of the*

---

[3] The agency's response to the appellant's petition for review was filed 11 days beyond its deadline. 5 C.F.R. § 1201.114(e); PFR File, Tab 3, Tab 4 at 1. Because the agency failed to show good cause to excuse its untimely filing, we need not consider it on review. PFR File, Tab 5; *see Kemp v. U.S. Postal Service*, 44 M.S.P.R. 10, 14 (1990) (declining to consider the agency's response to the petition for review because it was untimely filed without good cause shown); 5 C.F.R. § 1201.114(g).

*Air Force,* 120 M.S.P.R. 307, ¶ 12 (2013); *see* 5 U.S.C. § 7121(g); 5 C.F.R. § 1209.2(d)(1).

¶7        If an employee first elects to timely file an appeal with the Board under 5 U.S.C. § 7701 after being subjected to an action under chapters 43 or 75 of Title 5 of the United States Code, the burden of proof rests with the agency to provide evidentiary support for its decision.  *See* 5 U.S.C. § 7701(c)(1); *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 11 (2010).   An employee may also raise affirmative defenses, such as a claim that the action appealable to the Board was taken in reprisal for whistleblowing.  *See* 5 U.S.C. § 7701(c)(2)(B); *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 11 (2016).  This is because 5 U.S.C. § 7701(c)(2)(B) states that an action appealable to the Board may not be sustained if it is shown "that the decision was based on any prohibited personnel practice described in [5 U.S.C. §] 2302(b)." Section 2302(b)(8) prohibits reprisal against a whistleblower for making a protected disclosure, while section 2302(b)(9) prohibits reprisal for engaging in other protected activity.  In contrast, if an employee who is subjected to an action otherwise appealable to the Board and claims whistleblower reprisal first elects to seek corrective action with OSC regarding the action, any subsequent appeal to the Board on the matter is limited to an IRA appeal, resolving only the claim of reprisal for whistleblowing activity.  *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 16 (2016); 5 C.F.R. § 1209.2(c), (d)(2).

¶8        The remedy first sought by an aggrieved employee is deemed an election of that procedure and precludes pursuit of the matter in another forum.  *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 12 (2015).  For adverse actions taken under chapters 43 and 75 that are appealable to the Board, an employee's election of remedies under 5 U.S.C. § 7121(g) must be knowing and informed in order to be binding.  *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 (2013).  To be knowing and informed, an employee must have notice of the avenues of relief available and the preclusive effect the first

filing has on the other remedial options. *See id.,* ¶¶ 16 n.6, 17; 5 C.F.R. § 1201.21(d). Relevant to this case, 5 C.F.R. § 1201.21(d)(4) requires an agency to include in a decision notice to an employee on a matter appealable to the Board the effect an election to seek corrective action with OSC under 5 U.S.C. § 7121(g) has on an employee's appeal rights before the Board.

¶9      Here, the administrative judge erred when concluding that the appellant made a knowing and informed binding election seeking corrective action with OSC on his removal before he filed this Board appeal contesting his removal under 5 U.S.C. § 7701.[4] ID at 5-7. The record reflects that the appellant did not receive adequate notice of the preclusive effect that challenging his removal through the OSC complaint process had on his other remedial options, particularly any future Board appeal. Specifically, while the removal decision notice correctly advised that the appellant could only seek relief on his removal in one forum, it did not outline that, if he first sought corrective action with OSC, than any subsequent Board appeal would be limited to an IRA appeal resolving only the whistleblower reprisal claim. IAF, Tab 1 at 15-17. Thus, the decision notice on the appellant's removal issued by the agency did not comply with 5 C.F.R. § 1201.21(d)(4). There is no indication in the record that the appellant received notice through any other means. The absence of such notice prevented the appellant from making a knowing and informed binding election pursuant to *Agoranos*. *See Corthell*, 123 M.S.P.R. 417, ¶ 17 (finding that the appellant's decision to seek corrective action with OSC did not preclude him from filing an adverse action appeal where the appellant did not receive notice of his appeal rights in a decision letter and there was no evidence that he received notice through any other means); *Edwards*, 120 M.S.P.R. 307, ¶ 13 (holding that, even if the appellant's OSC complaint was filed before his Board appeal, any such election was not knowing and informed because the separation notice did not

---

[4] The appellant's removal is appealable to the Board under chapter 75. 5 U.S.C. §§ 7512(1), 7513(d).

inform him of the preclusive effect of first filing an OSC complaint). Such an error warrants remanding the case to the administrative judge for adjudication of the appellant's appeal of his chapter 75 removal under 5 U.S.C. § 7701.[5] *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 18, 22 (2015) (holding that the appellant's election to OSC was not binding because it was not knowing and informed, resulting in a remand to adjudicate her appeal as a chapter 75 action), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.

## ORDER

¶10      For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Jennifer Everling*

FOR THE BOARD:              _____
                            Jennifer Everling
                            Acting Clerk of the Board
Washington, D.C.

---

[5] As previously noted, the appellant's claim that his removal was in reprisal for whistleblowing was adjudicated by the Board in *Day v. Department of Labor*, MSPB Docket No. DC-1221-19-0009-W-1. W-1 IAF, Tab 23, Initial Decision. The administrative judge issued an initial decision in that matter, denying corrective action, on May 28, 2019. The initial decision became the final decision of the Board after neither party filed a petition for review.